**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1090-20

CITIBANK, N.A., AS TRUSTEE
FOR CMLTI ASSET TRUST,

 Plaintiff-Respondent,

v.

KENNETH R. BOYLE, SR.,

 Defendant-Appellant,

and

DEBORAH M. BOYLE,
KENNETH R. BOYLE, JR.,
HUNTERDON CO BD SOCIAL
SERVS, and STATE OF NEW
JERSEY,

 Defendants.

_____

Submitted March 17, 2022 – Decided March 29, 2022

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-020028-19.

Kenneth Boyle, Sr., appellant pro se.

Friedman Vartolo, LLP, attorneys for respondent (Michael Eskenazi, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Kenneth R. Boyle, Sr. appeals from the Chancery Division's October 30, 2020 order denying his motion to vacate the court's August 20, 2020 final judgment of foreclosure. We affirm.

On June 4, 2003, defendant executed a $142,935.15 note and mortgage to the original lender. Through a series of assignments, the mortgage was assigned to plaintiff Citibank, N.A., as trustee for CMLTI Asset Trust.

On September 9, 2018, defendant defaulted on the loan. Plaintiff filed a foreclosure complaint on December 9, 2019. Three days later, plaintiff personally served the summons and complaint upon defendant's wife at defendant's home and submitted an affidavit of service documenting its compliance with Rule 4:4-4(a)(1).[1] Defendant did not file a timely answer.

---

[1] Rule 4:4-4(a)(1) permits service to be made "by leaving a copy" of the summons and complaint "at the individual's dwelling place or usual place of abode with a competent member of the household of the age of [fourteen] or over then residing therein . . . ."

A-1090-20

Following the entry of default, the trial court entered a final judgment of foreclosure on August 20, 2020. Defendant later filed a motion to vacate the judgment pursuant to Rule 4:50-1(d). Defendant argued plaintiff failed to properly serve him with the summons and complaint and that plaintiff falsely claimed it served his wife with these documents. However, plaintiff did not present a certification from his wife supporting his assertion that plaintiff did not give the summons and complaint to her at defendant's home.

In rejecting defendant's lack of service argument, the court found that plaintiff delivered a copy of the summons and complaint to defendant's wife, who was "a competent member of [defendant's] household who [was] over [fourteen] years old and [therefore] eligible to accept service of process on behalf of defendant . . . ." On appeal, defendant again asserts the court should have vacated the default judgment because plaintiff did not properly serve him or his wife with the summons and complaint.

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid.

3

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We discern no abuse of discretion in this case and affirm substantially for the reasons the court expressed in its written opinion. Plaintiff presented uncontradicted evidence demonstrating that it served defendant's wife with the summons and complaint. This service was clearly effective upon defendant under Rule 4:4-4(a)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                                    A-1090-20